UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald G. Carman                                    Case No. 1:14 CV 2060

          Petitioner,                               JUDGE JAMES G. CARR

    v.

                                         ORDER

State of Ohio,

          Respondent.

*Pro se* Petitioner Ronald G. Carman filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  He is incarcerated in the Belmont Correctional Institution, having pled guilty in the Cuyahoga County Court of Common Pleas to amended charges of abduction and gross sexual imposition.  In his Petition, he claims: (1) the trial court erred in sentencing him to consecutive sentences; and (2) the trial court erred in failing to merge allied offenses for purposes of sentencing.  He asks this Court to grant his Petition and order the state court to conduct a new sentencing hearing to impose concurrent sentences.

Petitioner also filed a Motion to Proceed *In Forma Pauperis*.  (Doc. No. 2).  That Motion is granted.

## I.  Background

The female victim in this case was hitch-hiking from West 25th Street and Detroit Avenue in Cleveland to her home on Lake Avenue at approximately 2:30 a.m. on May 31, 1999.  She

accepted a ride from a Caucasian male who appeared to be forty years old.  The male drove her a few blocks and stopped the car at an unknown location in Cleveland, Ohio.  He then locked the car doors, tore off her clothing, beat her, raped her, and began strangling her.  She resisted and, in the struggle, cracked the windshield of the car with her boots.  At that point, the male threw her out of the automobile, and she ran down the street.  She was able to flag down a yellow cab, which took her home.  She later was brought to Lakewood Hospital by ambulance where a rape kit was performed, and a sample of the suspect's DNA was collected.

In March 2012, the state got a match on the Combined DNA Index System ("CODIS") linking a DNA sample collected from Petitioner to the DNA sample collected from the 1999 rape kit. Petitioner was charged in November 2012 with two counts of kidnaping with sexual motivation specifications and sexually violent predator specifications, one count of rape with a sexually violent predator specification and repeat violent offender specification, and one count of felonious assault with sexual motivation, sexually violent predator, and repeat violent offender specifications.  Each of the charges contained a notice of prior conviction.

Petitioner entered into a plea agreement on January 17, 2013 in which he pled guilty to amended charges of abduction and gross sexual imposition.  The remaining charges and all specifications were dismissed.  At the plea colloquy, the court asked the prosecutor and Petitioner's defense attorney for their positions on allied offenses.  Defense counsel agreed that the offenses were not allied but did not concede consecutive sentences were necessary.  Nevertheless, the court sentenced Petitioner to thirty months incarceration on the abduction charge and forty-two months on the charge of gross sexual imposition.  The sentences were ordered to be served consecutively.

Petitioner filed a timely direct appeal of his conviction to the Ohio Eighth District Court of Appeals.  He asserted two assignments of error:

> 1.  The court erred in sentencing [Petitioner] to consecutive sentences.

> 2.  The court erred in failing to merge allied offenses for purposes of sentencing.

*State v. Carman*, No. 99463, 2013 WL 5970257 (Ohio App. 8 Dist. Nov. 7, 2013).  The Court of Appeals determined the trial court satisfied the requirements of Ohio Revised Code §2929.14(C)(4) to impose consecutive sentences.  With respect to his second ground for relief, the Court determined that Petitioner's counsel waived the claim of allied offenses by conceding that the offenses were not allied.  His conviction was affirmed on November 7, 2013.

Petitioner did not immediately file an appeal to the Ohio Supreme Court.  Instead he filed a Motion for Delayed Appeal on April 14, 2014.  The court denied his Motion on May 28, 2014.

## II.  Habeas Petition

Petitioner then filed this Petition for a Writ of Habeas Corpus on September 16, 2014.  He asserts two grounds for relief:

> 1.  Petitioner had been indicted for a charge of kidnaping and rape on November 2, 2012 from a complaint filed on May 31, 1999 on an unknown assailant.  Said offenses in the indictment are allied offenses of similar import.  The court erred in sentencing petitioner to consecutive sentences.

> 2.  Petitioner pleaded guilty to lesser included offenses which are allied offenses of similar import.  The state informed the court they are not allied in nature, where petitioner's trial counsel agreed.  The court erred in failing to merge allied offenses for purposes of sentencing.

(Doc. No. 1 at 6, 7).  He asks this Court to grant the Writ and order the state court to conduct a new

-3-

sentencing hearing in which concurrent sentences are imposed.

### III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States.  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  In order to have

an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

## IV.    Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts.

*See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414.  Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law."  *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Id.*  This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim.  *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state

procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

　　To determine if a claim is procedurally defaulted the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

　　Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented

-7-

to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## V.  Analysis

In this case, Petitioner's grounds for relief are procedurally defaulted.  He asserted them on direct appeal to the Ohio Eighth District Court of Appeals; however, he did not immediately appeal that decision to the Ohio Supreme Court.  His Motion for Delayed Appeal filed five months later was denied.

Under the state procedural mechanism, the Ohio Supreme Court has jurisdiction over timely appeals which are exercised within 45 days of entry of the state appellate court's decision.  *See* Ohio S.Ct Prac.R. II § 2(A)(1).  The Ohio Supreme Court may in its discretion take jurisdiction over untimely felony appeals upon Motion for Leave to File a Delayed Appeal pursuant to Ohio S.Ct.Prac.R. II § 2(A)(4)(a).  However, in those instances where the Ohio Supreme Court chooses not to allow the delayed appeal but gives no reason for its decision, the Sixth Circuit has held that the Ohio Supreme Court is presumed to have enforced the applicable procedural bar.  *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Smith v. State of Ohio Dept. of Rehab. and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).  Denial of an Ohio S.Ct. Prac. R. II § 2(A) (4)(a) Motion for Leave to File Delayed Appeal is not a ruling on the merits of any claim included with the Motion for Leave, and has been determined to be an "adequate and independent" basis for procedural default consistent with *Maupin v. Smith*.  *See Bonilla*, 370 F.3d at 497; *Smith*, 463 F.3d at 431-32.  The Ohio Supreme Court denied Petitioner's Motion for Leave without comment.  His claims in this habeas petition are therefore procedurally defaulted.  *See Bonilla*, 370 F.3d at 497; Ohio S.Ct. Prac. R. II § 2(A)(4)(a).   When a claim is procedurally defaulted, federal habeas review is barred unless the

Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin*, 785 F.2d at 138; *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)).  To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petition does not suggest any factor external to the defense precluded Petitioner from raising these claims in a timely appeal to the Supreme Court of Ohio.  In fact, he acknowledges that his appellate counsel informed him that he had only forty-five days to file his appeal to the Supreme Court of Ohio.  He offers no cause for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental

-9-

miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.  *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96).  Petitioner pled guilty to the charges against him.  He challenges his consecutive sentences.  There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

### V.  Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).  Petitioner's Motion for Discovery (Doc. No. 4), Motion for Expedited Hearing (Doc. No. 5), Motion for Evidentiary Hearing (Doc. No. 6), Motion for Release on Recognizance (Doc. No. 7), Motion for Appointment of Counsel (Doc. No. 8) and Motion for Default Judgment (Doc. No. 10) are denied as moot.

IT IS SO ORDERED.

  S/James G. Carr
JAMES G. CARR
UNITED STATES DISTRICT JUDGE

-10-